**SO ORDERED: June 12, 2013.**



_____
James M. Carr
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN 21:5, INC., ) | Case No. 13-04896-JMC-11 |
| ) | |
| Debtor. ) | |

### ORDER GRANTING APPLICATION TO EMPLOY BOSE MCKINNEY & EVANS LLP AS DEBTOR'S COUNSEL EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

This matter is before the Court on the *Application to Employ Bose McKinney & Evans LLP as Debtor's Counsel Effective Nunc Pro Tunc to the Petition Date* (the "Application") filed by John 21:5, Inc., debtor and debtor-in-possession ("Debtor"), by counsel and pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. In the Application, Debtor seeks and Order authorizing Debtor to employ Bose McKinney & Evans LLP ("BME") as counsel for Debtor effective *nunc pro tunc* to the Petition Date.

### Procedural and Factual Background

The Debtor is an Indiana for-profit corporation and has operated and continues to operate as "When Eddie Met Salad". Prior to the Petition Date, Debtor executed an

engagement letter and paid BME a retainer of $10,000.00 and $1,046.00 for the Chapter 11 filing fee. The engagement letter provides that BME will bill Debtor based on its customary hourly rates for work of this nature.

On May 8, 2013 (the "Petition Date"), Debtor filed a voluntary petition and a number of first day motions, including a "First Day Motion for Authority to Use Cash Collateral for Operating Expenses and Granting Replacement Liens." No objections were filed to the cash collateral motion, and, at a hearing on May 30, 2013, the Court indicated that it would enter a final order authorizing the use of Cash Collateral based on representations made by proposed counsel for the Debtor that a Stipulation with Rhino Services would be filed.

On May 14, 2013, the Debtor filed the Application. No objections have been filed to the Application, and the Court, having considered the Application, now finds as follows:

    A.    The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157, 1334, and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

    B.    This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M) and is a matter of federal bankruptcy law;

    C.    The relief requested in the Application is in the best interests of Debtor, its estate and its creditors;

    D.    Proper and adequate notice of the Application has been given and no further notice is necessary;

    E.    Bose McKinney & Evans LLP holds no interest adverse to Debtor or its estate in the matters upon which it sought to be engaged;

F.	Bose McKinney & Evans LLP is a disinterested person as the term is defined pursuant to 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327; and

G.	Bose McKinney & Evans LLP has disclosed any connections with parties and the source of the retainer paid to Bose McKinney & Evans LLP as required by Bankruptcy Rule 2014.

Based upon the record herein and after due consideration of the Application, the Court further finds that sufficient cause exists such that the Application should be and hereby is GRANTED.

**IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED** that:

1.	Debtor is authorized to employ Bose McKinney & Evans LLP as counsel for Debtor pursuant to 11 U.S.C. §§ 327 and 330 *nunc pro tunc* to the Petition Date (as defined in the Application) and including fees and costs associated with preparing and filing this Chapter 11 Case.

2.	Debtor is authorized to pay Bose McKinney & Evans LLP interim compensation consistent with the Bankruptcy Code and Rules and terms of any order governing billings by and payment to professionals in this Chapter 11 case.

3.	Interim and final allowance of compensation will be awarded upon application and a hearing consistent with the requirements of 11 U.S.C. §§ 330 and 331.

**###**