UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOHN 21:5, INC., | ) Case No. 13-04896-JMC-11 |
| | ) |
| Debtor. | ) |

**STIPULATION CONCERNING DEBTOR'S FIRST DAY MOTION FOR AUTHORITY TO USE CASH COLLATERAL FOR OPERATING EXPENSES AND GRANTING REPLACEMENT LIENS**

John 21:5, Inc., debtor and debtor-in-possession (hereinafter "Debtor") by counsel, U.S. Foods, Inc., by counsel, and Rhino Services hereby respectfully submit this Stipulation Concerning Debtor's First Day Motion for Authority to Use Cash Collateral for Operating Expenses and Granting Replacement Liens pursuant to 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 4001(b), and Southern District of Indiana Local Rule B-4001-2, in support state as follows:

**Procedural Background and Jurisdiction**

1. On May 8, 2013 (the "Petition Date"), Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this Chapter 11 case and no official unsecured creditors' committee has been appointed herein.

2373980/24702-3

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157, 1334, and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M) and is a matter of federal bankruptcy law.

6. Proposed counsel for Debtor has discussed the filing of this case with the Office of the United States Trustee and advised of this and other "First Day Motions" and/or 9006(c) Requests, and provided copies of same, in accordance with Local Rule B-9013-3(b).

## Interests Asserted in Debtor's Property

7. The following interests are asserted against Debtor's personal property:

   a) UCC financing statement filed with the Office of the Indiana Secretary of State on December 18, 2012 by US Foods, Inc., Filing Number 201200011465608, and purporting to perfect: *a purchase money security interest in all of the Debtor's goods, inventory, equipment and fixtures sold to applicant by Seller from time to time, and a separate security interest in all other assets of applicant, including, without limitation, all of applicant's now existing or owned or hereafter arising or acquired (A) accounts; (B) goods for sale, lease or other disposition which have given rise to accounts and have been returned to or repossessed or stopped in transit by applicant; and (c) goods, including without limitation, inventory, equipment, fixtures, trade fixtures and vehicles.*

   b) UCC financing statement filed with the Office of the Indiana Secretary of State on January 24, 2013 and January 25, 2013, respectively by Rhino

Services, Filing Numbers 201300000813684, 201300000813795, 201300000813806, 201300000858734 and purporting to perfect a security interest in: *all personal property of the Debtor, including without limitation accounts, chattel paper, documents, equipment, general intangibles, instruments, inventory (as those terms are defined in Article 9 of the Uniform Commercial Code in effect from time-to-time in the State of New York) wherever located, now or hereafter owned or acquired by the Merchant; (B) all Trademarks, Trade Names, service marks, logos and other sources of business identifiers, and all registrations, recordings and applications with the U.S. Patent and Trademark Office and all renewals, reissues and extensions thereof (collectively, "Trademarks") whether now owned or hereafter acquired, together with any written agreement granting any right to use any Trademarks; and (c) all proceeds as that term is defined in Article 9 of the Uniform Commercial Code. All of secured party's right, title and interest in and to presently existing and future credit card receivables due to debtors from debtors' credit card processors which are sold from time to time.*

## Stipulation and Agreements

8. As of the Petition Date, Debtor believes the value of its personal property and all of its assets (the "Collateral") which may be subject to the alleged interests of the above identified parties that have filed UCC Financing Statements, does not exceed $125,000.00. However, Debtor has not had the opportunity to complete its Schedules and Statements and other related required filings and contemporaneously herewith is

filing a motion to enlarge the time to do so.  As such, Debtor's estimation of the value is a good faith estimate which may or may not be the actual value of all of the Collateral once Debtor's Schedules and Statements are completed.

9.     After an investigation and analysis of all UCC filings the Collateral of Debtor serves as collateral to secure the payment of the above-referenced obligations owed to Rhino Services and U.S. Foods, Inc. (collectively, the Secured Creditors).

10.    As of the Petition Date, U.S. Foods believes that Debtor's outstanding indebtedness to U.S. Foods, Inc. was $96,115.74[1].

11.    As of the Petition Date, Debtor's outstanding indebtedness to Rhino Services was $25,855.96.

12.    In order to permit, among other things, the orderly and continued operation of Debtor's business, and full Debtor's ongoing need to use Cash Collateral in which the Secured Creditors have each asserted an interest, respectively, Debtor agrees to pay and each of the Secured Creditors agrees to accept monthly payments as follows:

    a) U.S. Foods, Inc.:   $1,500.00

    b) Rhino Services:    $1,000.00

(the "Payments").

13.    The Payments shall commence on the 1st day of July, 2013 and continue each month thereafter until an order confirming a Chapter 11 Plan has been entered herein; this case is converted to a matter under Chapter 7; or this case is dismissed.

---

[1] Debtor and U.S. Foods are working jointly to review their records and determine the exact amount of the claim and both reserve the right to change the amount such claim pending the outcome of such review.

4

14. Additionally, the Secured Creditors are hereby granted replacement liens on the post-petition assets of the Debtor-In-Possession of the same character as the pre-petition liens held by said creditors. The replacement liens granted those creditors shall be to the same extent, validity and priority as the pre-petition liens held by said creditors. The replacement liens granted shall not attach to the Debtor's causes of action for avoidance or other remedies of the bankruptcy estate.

15. All replacement liens granted by the Debtor are deemed properly perfected without further act or deed on the part of the Debtor or the Secured Creditors.

16. As to the cash collateral in which an individual Secured Creditor has an interest, the Debtor's authority to use cash collateral pursuant to this Order will terminate immediately if:

    (a)    The Debtor defaults on any obligation hereunder, the affected Secured Creditor provides notice of the default to Debtor's counsel and such default is not cured within seven business days from the date of receipt of the notice;

    (b)    This order is stayed, revoked, rescinded, modified, or amended without the written consent of the affected Secured Creditors. The replacement liens shall not extend to Bankruptcy Causes of Action;

    (c)    The Court enters an order directing the appointment of a trustee or an examiner with expanded powers;

    (d)    An order is entered granting any other claim super priority status or a lien equal or superior to the interests of the Secured Creditors without the consent of the Secured Creditors;

    (e)    An order is entered either converting Debtor's case to a case under Chapter 7 of the Bankruptcy Code or dismissing such Debtor's case; and

    (f)    The effective date of a confirmed Chapter 11 plan of reorganization occurs.

WHEREFORE, John 21:5, Inc., by counsel, U.S. Foods, Inc., by counsel, and Rhino Services respectfully request the Court enter a Final Order (i) approving the terms of the stipulation; (ii) authorizing and allowing Debtor to use Cash Collateral pursuant to § 363(c)(2)(B) of the Bankruptcy Code for its general ongoing business operations; and (iii) granting all other relief the Court deems just and proper under the circumstances.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Aaron Davis | /s/ Vincent E. Aubrey |
| Aaron E. Davis (IL Attorney No. 6292665)<br>Bryan Cave LLP<br>161 North Clark Street, Suite 4300<br>Chicago, Illinois 60601<br>Phone:  (312) 602-5135<br>Fax:  (312) 698-7535<br>aaron.davis@bryancave.com<br><br>*Attorneys for U.S. Foods, Inc.* | Vincent E. Aubrey, VP and Sr. Counsel<br>AdvanceMe, Inc.<br>2015 Vaughn Road, Building 500<br>Kennesaw, Georgia 30144<br>(877) 500-8282<br><br>*Attorneys for Rhino Services a/k/a Advance Me, Inc.* |

Respectfully submitted,

/s/ Weston E. Overturf
James P. Moloy, Atty No. 10301-49
Weston E. Overturf, Atty No. 27281-49
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana  46204
(317)  684-5000; (317)  684-5173 (FAX)
jmoloy@boselaw.com
woverturf@boselaw.com
2373980

*Attorneys for Debtor, John 21:5, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Daniel Lapointe Kent    dkent@lapointelawfirm.com
- Martha R. Lehman    mlehman@kdlegal.com, crbpgpleadings@kdlegal.com;mblakeley@kdlegal.com;pdidandeh@kdlegal.com
- James P Moloy    jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
- Ronald J. Moore    Ronald.Moore@usdoj.gov
- Weston Erick Overturf    woverturf@boselaw.com, rmurphy@boselaw.com;mwakefield@boselaw.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I hereby certify that on the 24th day of June, 2013, a copy of the foregoing document was mailed by first class mail to the following:

Aaron E. Davis
BRYAN CAVE LLP
161 North Clark Street - Suite 4300
Chicago, IL 60601-3315

                                    */s/ Weston E. Overturf*
                                    Weston E. Overturf